## HARRY MENDELSON v ETHEL MENDELSON

Ohio Appeals, 7th Dist, Monroe Co
Decided December 5, 1929

Matz & Matz, Woodsfield, for Harry Mendelson.

C. M. Myers, Akron, for Esther Mendelson.

FARR, J.

The vital issue to be determined here is whether or not under these facts, the husband is liable for the amount provided by the terms of the articles of separation. The agreement or contract between the parties is under favor of **8000 GC.**

Which indicates by its own terms that such contract would be valid and binding during their separation, but while they were husband and wife.

It is, of course, a well recognized principle that this husband and wife could make no agreement that would deprive their minor child of reasonable support, or impose upon the State the burden which it would be the husband's duty, primarily, to bear. In fact, the decree of divorce granted to the wife, and carrying the provision above set out practically terminated the contract between the parties, and all obligations of each to the other thereunder; and it is quite apparent, as above stated, that this contract obtained only while the relation of husband and wife was sustained between the parties, and when the wife chose to go into another state and secure a decree of absolute divorce, such decree operated as a rescission of the terms of said contract.

Next, it is insisted that the trial court erred in its instructions to the jury, where the paragraph set out in plaintiff in error's brief was given instead of the requests to charge, which was error. And on page 30 of the record, the Court said:—

"The Court says to you that the procuring of a divorce, by the plaintiff in this case, did not operate to work an abandonment of the contract, nor to affect its terms."

In view of the conclusion reached in this cause, the foregoing was erroneous, and clearly prejudicial to the rights of the defendant below. The charge as to payment in full and honest dispute is subject to criticism and somewhat misleading.

It is further suggested that certain interrogatories were requested to be submitted by the trial court to the jury, three in number, and which it will not be necessary here to specifically set out. The first was properly refused by the trial court because it involves a question of law; a question which the jury would have no right to determine. The second might properly have been submitted, likewise, the third, although the third would, perhaps, be unimportant.

It is, also, complained that certain testimony was rejected by the trial court, as disclosed at page 5 of the record. Parts of this testimony were clearly incompetent, while some parts were not, and, especially, those questions which involved propositions of law, and where the witness was asked:—

"And that was an agreement whereby you were to live separate and apart?"

although a number of the proposed questions and answers were competent, and should have been admitted by the trial court.

So far as alimony is concerned, the wife had an opportunity to have that matter adjudicated. The custody of the child was awarded to her by contract, and by the decree of divorce.

If there be any further question relating to the support of the child, it may yet be determined.

Having reached the conclusions herein indicated, it follows that the judgment must be reversed, and it is so ordered.

Pollock and Roberts, JJ., concur.